**(92 South. 300)**

**No. 25144.**

**CAPITAL CITY AUTO CO., Inc., v. FOLSE et al.**

**In re FOLSE et al.**

(May 1, 1922. Rehearing Denied by the Whole Court June 5, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Courts ⬤190(8)—Appeals from city court in ejectment proceedings under landlord and tenant law tried de novo.**

Appeals from the New Orleans city court in ejectment proceedings under the landlord and tenant law are tried in the Court of Appeal de novo.

**2. Courts ⬤78—Court of Appeal may provide for trial of landlord and tenant cases by one or more judges and for immediate decision without written reasons.**

The judges of the Court of Appeal are authorized to provide rules by which one or more of the judges may try ejectment proceedings under the landlord and tenant law and decide them immediately and without written reasons.

**3. Courts ⬤190(9)—Court of Appeal without authority to affirm judgment without trial over appellants' protest.**

On appeal in ejectment proceeding in city court under the landlord and tenant law, appellants, being properly before the court, were entitled to have the case tried on the merits and according to law, and the court was without authority to affirm the judgment without trial over appellants' protest because they no longer were in possession.

**4. Appeal and error ⬤1114—Judgment of affirmance without trial will be annulled, but suit will not be discontinued.**

Where the Court of Appeal affirmed the judgment in a proceeding under the landlord and tenant law without trial, appellants are entitled to have the judgment of affirmance annulled, but are not entitled to have the suit discontinued, thereby in effect revising the judgment of the city court without any trial of the appeal.

Certiorari to Court of Appeal, Parish of Orleans.

Proceeding by the Capital City Auto Company, Incorporated, against Raphael J. Folse and another. A judgment for plaintiff was affirmed without trial by the Court of Appeal, and defendants apply for certiorari or writ of review. Judgment annulled and reversed, and case remanded to the Court of Appeal.

C. S. Hebert, of New Orleans, for applicants.

Lemle, Moreno & Lemle, of New Orleans, for respondent.

By Division C, composed of Justices DAWKINS, ST. PAUL and THOMPSON.

THOMPSON, J. The plaintiff, Capital City Auto Company, Inc., instituted against the defendants, in the city court of New Orleans, ejectment proceedings under the landlord and tenant law. The defendants answered the rule and claimed the right to remain on the property until January 1, 1922. On a trial of the case judgment was rendered making the rule absolute and ordering defendants to vacate. This judgment was dated October 11, 1921. The defendants appealed from said judgment to the Court of Appeal for the parish of Orleans. In the latter court, the defendants having given up the property, after January 1st, the plaintiff expressed a willingness to pay all of the costs incurred in both courts and moved to dismiss the· appeal at the plaintiff's cost. This defendants protested against, and asked that the case be proceeded with and tried according to law. The protest of defendants was overruled, and the demand for a trial of the case was denied, and the court, through one of its judges, Hon. Max Dinkelspiel, without any trial, rendered judgment affirming the judgment of the city court at the cost of the plaintiff in both courts. An application for a rehearing was overruled, whereupon the defendants applied to this court for certiorari or review, which was granted, and the record of the case was accordingly sent up and is now before us.

Opinion.

[1-4] Appeals from the city courts of New Orleans in cases like the present one are tried in the Court of Appeal de novo, and the judges of that court are authorized to provide rules by which one or more of said judges may try such cases and decide the same immediately and without written reasons. The appellants being properly before said court were entitled to have the case tried on the merits and according to law, and the court was without legal authority to affirm the judgment appealed from without a trial, and over the protest of defendants and appellants. This court, however, is not in a position, nor authorized under the law, to grant the full relief prayed for by defendants in their application. They ask to have the judgment of the Court of Appeal annulled and plaintiff's suit discontinued at the plaintiff's costs in all of the courts. To render such a judgment would be equivalent to reversing the judgment of the city court when the appeal therefrom has never been legally tried in the Court of Appeal. The application in the Court of Appeal did not want the appeal dismissed, nor did it want the case discontinued, unless the discontinuance involved a reversal of the judgment of the lower court. The applicants are entitled to have the judgment of the Court of Appeal, which was rendered without a trial, annulled, and we shall so order.

For the reasons assigned, it is adjudged and decreed that the judgment of the Court of Appeal in this case be annulled and reversed, and that the case be remanded to the Court of Appeal, Parish of Orleans, to be tried, or otherwise disposed of, according to law; the costs of the proceedings in this court to be paid by plaintiff and all other costs to await the final judgment or disposition of the case by the said Court of Appeal.

Rehearing refused by the WHOLE COURT.